**Richard Orville BURGESS, Petitioner—Appellant,**

v.

**David COOK, Director, Respondent— Appellee.**

No. 02–35249.

D.C. No. CV–00–00201–TMC.

United States Court of Appeals, Ninth Circuit.

Submitted July 8, 2003.*

Decided Aug. 28, 2003.

Richard Orville Burgess, Ontario, OR, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Steven R. Powers, Office of the Attorney General (Oregon), Salem, OR, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, HUG, and BERZON, Circuit Judges.

MEMORANDUM**

Oregon state prisoner, Richard Burgess ("Petitioner"), appeals pro se the denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

The certificate of appealability ("COA") issued by the district court certified the issues of "Due Process Violation" and "Exhaustion/Procedural Default." Because the Antiterrorism and Effective Death Penalty Act ("AEDPA") limits the scope of appellate review to those issues specified in the COA, *Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999), we do not reach the issues raised in Petitioner's opening brief that fall outside the scope of the COA.

The district court determined that all but two of the Petitioner's claims were not supported by evidence or coherent argument. We agree. "[C]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg,* 24 F.3d 20, 26 (9th Cir.1994). The district court correctly determined that Petitioner only alleged two of his claims with sufficient specificity to suggest constitutional error. Because all but these two claims did not meet the specificity requirement, we need not reach whether the other claims were procedurally defaulted. *See Franklin v. Johnson,* 290 F.3d 1223, 1232 (9th Cir.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

2002) (noting that appellate courts are authorized to skip a relatively complicated procedural default question and proceed to deny the claim on the merits).

Of the claims that were alleged with sufficient specificity to suggest constitutional error, only the claim that Petitioner was denied due process at the *Morrissey* hearing is at issue in this appeal. Petitioner specifically argues that he was denied due process because he was not allowed to cross examine the parole officer. Despite the fact that this claim sufficiently alleged a constitutional violation, the district court determined that Petitioner had procedurally defaulted the claim. Whether or not the claim was procedurally defaulted, on the merits we conclude that Petitioner was not denied due process.

Petitioner was allowed to ask questions and present evidence pertaining to the issue of whether he violated parole. However, he failed to limit his scope of questioning to the relevant issue, thereby causing the hearing officer to end the hearing. Because he was given the opportunity to ask questions and present evidence, he was not denied due process. *See Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.